IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SALVADORE LAMONTE**                                                                   **PLAINTIFF**

v.                                                                   CAUSE NO. 1:23-cv-00177-LG-BWR

**UNKNOWN WOODALL**                                                                   **DEFENDANT**
*Doctor*

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff Salvadore Lamonte is an inmate currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. (Compl. at 2, ECF No. 1). He brings this Complaint under 42 U.S.C. § 1983, alleging that Defendant Dr. Unknown Woodall denied him adequate medical care when he was housed at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. (*Id*. at 4-5; Order at 1, ECF No. 18). Lamonte is proceeding *in forma pauperis*. (Order, ECF No. 9). For the following reasons, the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for Lamonte's failure to provide a valid address for service of process.

### I. BACKGROUND

While housed at SMCI "about 2 [years] ago," (Compl. at 5, ECF No. 1), Lamonte claims that he "was on insulin and his leg [became] infected," (Resp. at 1, ECF No. 15). As a result, Lamonte "was in a bed for several days and could not walk." (Compl. at 4, ECF No. 1). He claims that "medical staff knew" about his injury, but "no one did anything to help [him]." (*Id*. at 5). Allegedly, "the doctor

said there was nothing wrong with [Lamonte]—that he was just faking." (Resp. at 1, ECF No. 15).

Lamonte avers that he is "now in a wheelchair because" he was denied medical care. (Compl. at 5, ECF No. 1). He seeks $10,000.00 in "actual damages" and $7,000.00 in "punitive damages" because he "was refused any kind of medical treatment." (*Id.*).

Lamonte originally named "Medical Staff" as Defendant. (*Id.* at 1). In response to the Court's inquiry, Lamonte substituted Dr. Unknown Woodall and Jane Doe as Defendants. (Order at 1, ECF No. 18). Lamonte was advised at that time that "process will not issue for an unnamed Defendant." (*Id.*). He was warned that "[i]t is his responsibility to identify Jane Doe, including her full name and address for service of process, if and when appropriate." (*Id.*). Lamonte later moved to dismiss Jane Doe, leaving only Dr. Woodall to defend his allegations. (Mot. at 1, ECF No. 23; Order at 1-2, ECF No. 26).

On January 26, 2024, the Court issued a Notice of Lawsuit and Request to Waive Service of a Summons to Dr. Woodall at the attention of counsel for VitalCore Health Strategies. (Order at 1-3, ECF No. 19). Counsel advised the Court that Dr. Woodall was no longer employed by VitalCore and provided his last-known address under seal. (Sealed Resp. at 1, ECF No. 22). On February 15, 2024, the Court issued summons to Dr. Woodall at his last-known address provided by counsel for VitalCore. (Order, ECF No. 24). A Deputy United States Marshal attempted service of process at that address but was unable to locate Dr. Woodall. (Sealed Ret.

2

at 2, ECF No. 27). The Deputy reported that he spoke with Dr. Woodall's son-in-law, who advised that the house at Dr. Woodall's last-known address "has been sold" and that Dr. Woodall is currently living elsewhere. (*Id.* at 3). No forwarding address was provided.

Lamonte was then advised again that "[i]t is [his] responsibility to prosecute this case, including identifying Dr. Woodall's location for service of process." (Order at 1, ECF No. 28). Lamonte was directed to "(1) provide a current address for Dr. Woodall, or (2) if unsuccessful in obtaining this information, explain why, or (3) voluntarily dismiss Dr. Woodall as a Defendant." (*Id.* at 2-3). Lamonte responded that he "[does] not know [Dr. Woodall's] address and has no way to get it!" (Resp. at 1, ECF No. 29). The Court then gave Lamonte yet another opportunity "to provide the Court with Dr. Woodall's current address for service of process." (Order at 3, ECF No. 30). The Court warned Lamonte that "he must attempt to remedy" this defect in service of process and that otherwise "the Court is within its discretion to dismiss this case without prejudice." (*Id.* at 2) (quotation omitted). Lamonte responded again that he "does not know the address of Unknown Woodall." (Resp. at 1, ECF No. 31). He further complained that he "has now answered this [question] several times." (*Id.*).

## II. DISCUSSION

This case will be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for Lamonte's "failure to provide a valid address for service" of process. *See Clay v. Allen*, No. 03-60413, 2004 WL 330864, at *1 (5th Cir. Feb. 20,

3

2004) (affirming dismissal of case for a prisoner plaintiff's failure to effect service of process). "Special rules govern procedure for service of process in cases filed by plaintiffs proceeding *in forma pauperis*." *Pugh v. Green*, No. 5:18-cv-00032-DCB-MTP, 2019 WL 2372618, at *2 (S.D. Miss. June 5, 2019) (emphasis altered). Under 28 U.S.C. § 1915, "[t]he officers of the court shall issue and serve all process" in these cases. *See also* FED. R. CIV. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 . . . .") (emphasis added).

"Once the *in forma pauperis* plaintiff has taken reasonable steps to identify the defendants, 'the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants.'" *Pugh*, 2019 WL 2372618, at *2 (quoting *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)) (emphasis altered). Under these circumstances, the plaintiff "is entitled to rely upon the United States Marshals for sufficient service and should not be penalized for failure of a Deputy Marshal to properly effect service of process." *Id.* (quotation omitted). But the Rules do not "require the Marshals Service to become Plaintiff's personal investigator to track down any named Defendant." *Warner v. Village of Ruidoso*, No. 12-627-MCA-GBW, 2016 WL 10721483, at *3 (D.N.M. Feb. 1, 2016). "[T]he Marshals Service is obligated to *deliver* process to a defendant, but [is] not solely responsible for the distinct act of *locating* defendants for *in forma*

*pauperis* plaintiffs." *Id*. (emphasis in original).  When "the plaintiff is made aware of possible defects in service of process, he must attempt to remedy them." *Pugh*, 2019 WL 2372618, at *2.

To discharge its obligation under § 1915, the Court issued a Notice of Lawsuit and Request to Waive Service to Dr. Woodall's former employer, (Order at 1-3, ECF No. 19), which provided his last known address, (Sealed Resp. at 1, ECF No. 22). The Court then issued summons to Dr. Woodall and directed the United States Marshal Service to serve it at his last-known address.  (Order at 1, ECF No. 24). Attempts at service of process were unsuccessful because Dr. Woodall no longer resides at the last-known address provided by counsel for VitalCore.  (Sealed Ret. at 2-3, ECF No. 27).  The Deputy was advised that Dr. Woodall now resides elsewhere, but he was not provided with Dr. Woodall's current address.  (*Id*. at 3).

Lamonte was promptly made aware of this defect and warned that it is his "responsibility to prosecute this case." (Order at 1, ECF No. 28).  He has since been cautioned that this case may be dismissed if he fails to provide a proper address for service of process.  (Order at 2, ECF No. 30).  Still, Lamonte has taken no discernible steps to remedy this defect in service.  This case is now nine months old, and, in that time, Lamonte has done little more than provide Dr. Woodall's identity, (Order at 1, ECF No. 18)—despite "the Court's allowance of an extended period of time to correct the flaw" in service of process, *see McCaster v. Green Tree Servicing*, No. 3:13-cv-0001, 2016 WL 9140944, at *2 (N.D. Miss. Feb. 9, 2016).

5

"A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (emphasis added). Given his inability to provide Dr. Woodall's current address in the face of the Court's warnings, the Court finds that Lamonte's claims against Dr. Woodall should be dismissed without prejudice.[1] *See Pugh*, 2019 WL 2372618, at *2 (dismissing a defendant without prejudice for the same reason); *see also Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009) (dismissing appeal as frivolous where a plaintiff proceeding *in forma pauperis* "was aware of defects in . . . service . . . but did not take any steps to remedy the defects"); *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344-45 (5th Cir. 2007) ("[W]hen the failure of effective service may be ascribed to the plaintiff's dilatoriness or fault or inaction, the case may be properly dismissed." (quotation omitted)).

### III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m) for Plaintiff Salvador Lamonte's failure to provide a valid address for service of

---

[1] A dismissal without prejudice may bar future litigation if the applicable statute of limitations is near expiring. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). But Lamonte "does not contend that the statute of limitations has run on any of [his] claims." *See Smith v. Bogalusa City*, No. 23-30707, 2024 WL 1156536, at *2 (5th Cir. Mar. 18, 2024). In any event, a dismissal with prejudice is appropriate "if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880. Lesser sanctions include "explicit warnings," *Thrasher*, 709 F.3d at 516 (quotation omitted), and Lamonte has received three explicit warnings that it is his responsibility to provide a valid address for service of process, (Order at 1, ECF No. 18; Order at 1, ECF No. 28; Order at 2, ECF No. 30). The Court is satisfied that these warnings, coupled with a generous allotment of time to remedy the defect in service, justifies dismissal of this case.

process. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 26th day of April, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE